# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 6:20-CR-95** |
| **v.** § | |
| § | |
| § | |
| § | |
| § | |
| **ALICIA FORD** § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 11, 2023, alleging that the Defendant, Alicia Ford, violated conditions of probation. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59. A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation, or termination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e). 18 U.S.C. § 3401(i); *United States v. Frazier*, 26 F.3d 110, 113–14 (11th Cir. 1994) (finding "no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release").

## I.  The Original Conviction and Sentence

On July 12, 2022, Ford was sentenced to a term of probation for 36 months, a sentence below the guideline range, after pleading guilty to False Statement During the Purchase of a Firearm and Aiding and Abetting.  On September 25, 2023, Ford appeared before the court for multiple violations, including failing to communicate with her probation officer and associating with a person involved in criminal activity, and her conditions were modified to include a 180-day halfway house placement. She now comes before the court for a second time after being unsuccessfully discharged from the halfway house due to absconding without permission.

On March 2, 2024, the County Rehabilitation Center became aware that Ford had an unauthorized visitor at the female house. The unauthorized visitor was identified as Jeffery Mills, Ford's boyfriend who is a convicted felon and who was involved in her previous violations. Ford had received an incident report on February 10, 2024, for having Mr. Mills at the County Rehabilitation Center property and was aware he was not allowed to visit. About an hour after Mr. Mills was asked to leave, Ford reported to the main desk of the facility and stated she was leaving.  She absconded from the facility without permission.

## II.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising six allegations.  The petition alleges that Ford violated the following conditions of probation:

> Allegation 1. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
>
> Allegation 2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

<u>Allegation 3.</u> You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

<u>Allegation 4.</u> If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

<u>Allegation 5.</u> You must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

<u>Allegation 6.</u> You must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence at a time determined by the U.S. Probation Office. You must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prison' guidelines.

### III. Proceedings

On May 13, 2024, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of probation, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed she tested positive for marijuana. In return, the parties agreed that she should serve a term of nine (9) months' imprisonment, which includes fifty-eight (58) days' unserved community confinement, with no supervised release to follow.

### IV. Principles of Analysis

According to Title 18 U.S.C. § 3565(a), if a defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the Court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering

the factors set forth in § 3553(a) to the extent that they are applicable, continue her on probation, with or without extending the term or modifying or enlarging the conditions, or revoke the sentence of probation and resentence the defendant under subsection A. The original offense of conviction was a Class C felony with a maximum imprisonment sentence of 10 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of probation by testing positive for marijuana, the Defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of I, the policy statement imprisonment range is 3 to 9 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

U.S.S.G. § 7B1.3(c)(3) indicates in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. The Defendant has 58 days of unserved community confinement. The undersigned recommends converting the 58 days of unserved community confinement into an equivalent term of imprisonment and including it within the nine-month revocation sentence.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that she violated a mandatory condition of probation when she tested positive for marijuana. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of probation.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 3 to 9 months. The Defendant did not comply with the conditions of probation and has demonstrated an unwillingness to adhere to the conditions of probation.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 9 months (which includes 58 days of unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that she violated a mandatory condition of probation by testing positive for marijuana. The petition should be granted and the Defendant's probation should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of nine (9) months' imprisonment (which includes 58 days' unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow. The Defendant requested to serve her

prison term at the Federal Correctional Institution in Bryan, Texas. The Defendant's request should be accommodated, if possible.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of probation, and consenting to the imposition of the above sentence recommended in this report. The Defendant also waived the right to be present and speak and have counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 17th day of May, 2024.

_____
Zack Hawthorn
United States Magistrate Judge